**SEALED**

**FILED**
August 16, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____MR_____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>ANGEL MANCERA-HERRERA, SR.<br><br>Defendants | Case No: SA:23-CR-00427-OLG<br><br>**INDICTMENT**<br><br>COUNTS 1-3: 18 U.S.C. § 554<br>Smuggling Goods from the United States |

**THE GRAND JURY CHARGES:**

### COUNT ONE
[18 U.S.C. § 554(a)]

That on or about March 24, 2022, in the Western District of Texas, the Defendant,

**ANGEL MANCERA-HERRERA, SR.**

knowingly exported and sent from the United States any firearm, namely, a Ruger, model LCP Max, .380 caliber pistol, and a Glock, model 17, 9mm pistol, and received and bought these items prior to exportation, knowing the firearms were intended for exportation contrary to Title 15, Code of Federal Regulations, Parts 736.2(b)(1), 774, & 738, Supplement 1, a law or regulation of the United States, in that he did not have a license or written authorization for such export, in violation of Title 18, United States Code, Section 554(a).

### COUNT TWO
[18 U.S.C. § 554(a)]

That on or about June 14, 2022, in the Western District of Texas, the Defendant,

1

**ANGEL MANCERA-HERRERA, SR.**

knowingly exported and sent from the United States any firearm, namely, two Kel-Tec, model PMR 30, .22 WMR caliber pistols, and a Kel-Tec, model PMR 30, .22 MAN pistol, and received and bought these items prior to exportation, knowing the firearms were intended for exportation contrary to Title 15, Code of Federal Regulations, Parts 736.2(b)(1), 774, & 738, Supplement 1, a law or regulation of the United States, in that he did not have a license or written authorization for such export, in violation of Title 18, United States Code, Section 554(a).

## COUNT THREE
### [18 U.S.C. § 554(a)]

That on or about August 3, 2022, in the Western District of Texas, the Defendant,

**ANGEL MANCERA-HERRERA, SR.**

knowingly exported and sent from the United States any firearm, namely, a Kel-Tec, model PMR 30, .22 WMR caliber pistol, and a ZRODelta, model ready rifle, .223 Wylde rifle, and received and bought these items prior to exportation, knowing the firearms were intended for exportation contrary to Title 15, Code of Federal Regulations, Parts 736.2(b)(1), 774, & 738, Supplement 1, a law or regulation of the United States, in that he did not have a license or written authorization for such export, in violation of Title 18, United States Code, Section 554(a).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

[*See* Fed. R. Crim. P. 32.2]

### I.
### Smuggling Goods and Conspiracy to Obtain Firearms Violations and Forfeiture Statutes
[Title 18 U.S.C. § 554(a), subject to forfeiture pursuant to Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the criminal violations set forth in Counts One through Three, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of any properties identified upon conviction pursuant to Title 18 U.S.C. § 1595a(d), (through Title 18 U.SC. § 1956(c)(7)), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 19 U.S.C. § 1595a. Aiding unlawful importation**
> **(d) Merchandise exported contrary to law**
> Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

This Notice of Demand for Forfeiture includes, but is not limited to, the following property:

## II.
## Money Judgment

**Money Judgment**: A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One through Three, for which the Defendant is liable.

## III.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the

value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR KARINA O'DANIEL
Assistant United States Attorney

4